HENRY CURRIER *vs.* TRUSTEES OF TRINITY SOCIETY OF THE METHODIST EPISCOPAL CHURCH IN CHARLESTOWN.

The tenure of the office of trustees of a society of the Methodist Episcopal Church, who were incorporated under the Gen. Sts. c. 30, § 43, at a time when, by the discipline and usages of the church, the office of trustee was permanent, is changed by a subsequent order of the general conference of the church that the trustees of societies shall be chosen annually, and one of the original trustees has no right to retain his office afterwards, unless annually reëlected.

PETITION for a writ of *mandamus* to compel the respondents to admit the petitioner to the office of trustee of a religious society styled the Trinity Society of the Methodist Episcopal Church in Charlestown. The case was reserved by *Wells*, J., for the determination of the full court, on the pleadings and agreed facts, and is stated in the opinion.

*A. C. Clark*, for the petitioner.

*H. W. Bragg*, for the respondents.

CHAPMAN, C. J. The respondents were incorporated under the Gen. Sts. *c.* 30, §§ 43, 46. Section 43 provides that "the trustees of any society of the Methodist Episcopal Church," "appointed according to the discipline or usages thereof, or as such society chooses, may organize and become a corporation with the powers, privileges, duties and liabilities of chapter sixty-eight, subject, however, to account to the quarterly meeting of such society according to such discipline and usages." The obvious intent of the statute was to confer upon such societies the ability to hold parochial property in perpetual succession, by means of trustees having corporate powers ; and at the same time to leave them untrammelled, as far as possible, in respect to their peculiar discipline and usages. This was in conformity with the policy of the Commonwealth, which is to preserve religious freedom, and at the same time to enable religious societies and organizations to hold by a simple and convenient form of title such property as they may need.

The respondents organized in conformity with the usages and discipline of the church, as established by the general conference in 1860. The members of the board of trustees were nominated by the preacher in charge, the petitioner being one of them, and by the then existing rule the office was permanent. But the general conference, which meets once in four years, and has power at that meeting to make changes in its usages and discipline, met in 1864, and made a change by which trustees were to be elected annually, by the quarterly conference, upon the nomination of the preacher in charge. We think this was a right which the statute reserved to them.

In January 1867 the preacher in charge nominated the persons who then composed the board, including the petitioner, and the quarterly conference elected them. One of the agreed facts in the case is, that the board, so annually elected, have actually managed the affairs of the church. The petitioner was annually elected their treasurer by each new board till 1869, and acted as such. He continued to be a trustee till March 1871, when he was not reëlected. He now contends that, as his first election in 1862 was to an office which was then permanent, he is still enti-

tled to hold it; that the general conference in 1864 had no power to alter the term of office so as to affect him; and that, being still a trustee, by virtue of that election, he ought to be restored to it. It might be answered to this claim, that, by consenting to hold the office for so many successive years under annual elections, he has assented to the change; but we prefer to look to the statute itself. This does not fix the tenure of the office or mode of election, but leaves it to the usages and discipline of the church. The permanency of the tenure in 1862 was because the rule of the general conference of 1860 had made it so; and as the rule might be changed in 1864, the tenure of the office might be changed; and the statute did not intend to prevent this. Such change would not affect the identity of the corporate body, or the permanency of the title to their property; and at the same time the church was left free to change its usages in its accustomed manner. The petitioner had not by the terms of the statute acquired any right to restrain them from doing this, and they were under no obligation to reëlect him in 1871, or to treat him as an incumbent of the office by virtue of his election in 1862.

*Petition dismissed, with costs.*